IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

No. 12-4462

---

EMANON SHANNON,
Appellant

v.

JEFFREY N. DILLMAN, et al.,
Appellees

---

**MOTION TO STAY BRIEFING SCHEDULE**

---

1500 Liberty Center
1001 Liberty Avenue
Pittsburgh, PA 15222
(412) 644-6565

LISA B. FREELAND
Federal Public Defender

Attorney for Appellant,
Emanon Shannon

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

EMANON SHANNON, Appellant

v. No. 12-4462

JEFFREY N. DILLMAN, et.al., Appellees

**MOTION TO STAY BRIEFING SCHEDULE**

AND NOW comes the Appellant, Emanon Shannon, by and through his counsel, Federal Public Defender Lisa B. Freeland, and files this Motion to Stay Briefing Schedule. In support thereof, counsel states:

1. On January 17, 2014, this Court issued a briefing schedule, under which the Brief for Appellant was originally due on or before February 26, 2014.

2. Undersigned counsel was out of the office on leave from January 16, 2014, until Wednesday, February 19, 2014. As a result, she had not had an opportunity to work on this appeal in the time since record collection was complete.

3. Upon her return, she sought and received a 60-day extension within which to assess the viability of a Motion to Expand the Certificate of Appealability and/or file the Brief for Appellant.

4. During the 60-day period, counsel decided a Motion to Expand the Certificate of Appealability and a Motion to Stay the Briefing Schedule should be filed. The motions were filed on June 27, 2014, and by Order dated July 3, 2014, the briefing schedule was stayed.

5. On August 1, 2014, the Motion to Expand the Certificate of Appealability was denied and, on the same day, a briefing schedule, under which Appellant’s Brief and Appendix are due on or before September 2, 2014.

6. As a result of the Court’s decision to deny the request to expand the certificate of appealability, the only issue to be briefed is the one outlined in the June 12, 2013, certificate of appealability: whether “trial counsel was ineffective for failing to object on the basis of, or to otherwise preserve, a Bruton v. United States, 391 U.S. 123 (1988), argument pertaining

to the admission, at trial, of the redacted statement of a non-testifying co-defendant. Jurists of reason could debate the District Court's assessment of this constitutional claim. See Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). The certificate of appealability extends to both the substantive and the underlying procedural aspects of this claim and its disposition in the District Court."

7. Because the Pennsylvania Superior Court adjudicated Mr. Shannon's Bruton-related ineffectiveness claim on the merits, this Court's ultimate inquiry under 28 U.S.C. § 2254(d), will be whether the state court decision constitutes an unreasonable application of clearly established federal law.

8. Beginning with Vazquez v. Wilson, 550 F.3d 270 (3d Cir. 2008), which was followed by Eley v. Erickson, 712 F.3d 837 (3d Cir. 2013), and Washington v. Sec'y Pennsylvania Dep't of Corrections, 726 F.3d 471 (3d Cir. 2013), this Court has found Pennsylvania's application of Bruton wanting under § 2254(d) where the statements of non-testifying co-defendants were redacted and the defendant's name was replaced with a so-called

"neutral pronoun." See Vazquez, 550 F.3d at 281-82; Eley, 712 F.3d at 861; Washington, 726 F.3d at 477, 480-81.

9. This case involves such a redaction.

10. On April 28, 2014, the United States Supreme Court granted the Commonwealth's petition for writ of certiorari in Washington, vacated this Court's judgment and remanded for further consideration in light of White v. Woodall, 572 U. S. ___, 2014 WL 1612424 (2014). Wetzel v. Washington, __ U.S.__, 2014 WL 1659801 (2014).

11. Supplemental briefs were filed by both parties in Washington. The Court has yet to render a decision.

12. This Court's anticipated decision in Washington will likely govern the outcome here insofar as it will necessarily determine whether this Court's prior decisions, finding Pennsylvania's application of Bruton unreasonable under § 2254(d), remain vital[1].

---

1 Undersigned counsel was appointed to represent Vernon Williams in Appeal No. 12-2468. The case, which also involves the Pennsylvania courts' application of Bruton where the statements of a non-testifying co-defendant was redacted and the defendant's name was replaced with a so-called "neutral pronoun," was argued on May 13, 2014, following

13. Accordingly, counsel for Mr. Shannon hereby moves the Court to Stay the proceedings in this case until the Court determines whether Washington (and Vazquez and Eley) survived Woodall.

WHEREFORE, for all of the foregoing reasons, counsel for Appellant Emanon Shannon respectfully requests that the Briefing Schedule be stayed pending a final decision in Washington.

Respectfully submitted,

***/s/ Lisa B. Freeland***
Lisa B. Freeland
Federal Public Defender
Counsel of Record

Attorney for Appellant,
Emanon Shannon

---

supplemental briefing on the impact of Woodall. At oral argument, it was suggested that a decision in Mr. Williams' appeal would not be rendered until the Court decides Washington.

**CERTIFICATE OF SERVICE**

I hereby certify that the following is a filing user and will be served electronically by the Notice of Docketing Activity:

Jennifer Gettle, Esquire
Dauphin County Office of District Attorney
Front & Market Street
Harrisburg, PA 17101

and a hard copy mailed same date to:

Emanon Shannon
#FE-6319
SCI Houtzdale
P.O. Box 1000
Houtzdale, PA 16698-1000

***/s/ Lisa B. Freeland***
Lisa B. Freeland
Federal Public Defender

Dated: August 15, 2014