IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 12-4462

EMANON SHANNON,
        Appellant

v.

JEFFREY DILLMAN, ET AL.,
        Appellees

**MOTION TO STAY BRIEFING SCHEDULE**

| | |
|---|---|
| 1001 Liberty Avenue<br>Suite 1500<br>Pittsburgh, PA 15222<br>(412) 644-6565 | LISA B. FREELAND<br>Federal Public Defender<br>Counsel of Record<br><br>LYNN A. ELLENBERGER<br>Assistant Federal Public<br>Defender<br><br>Attorneys for Appellant,<br>Emanon Shannon |

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

EMANON SHANNON,                )
          Appellant     )
                               )
        v.             )   No. 12-4462
                               )
JEFFREY DILLMAN, ET AL.,       )
          Appellees    )

**MOTION TO STAY BRIEFING SCHEDULE**

AND NOW, comes the appellant, Emanon Shannon, by and through his attorneys, Federal Public Defender Lisa B. Freeland and Assistant Federal Public Defender Lynn A. Ellenberger, and files this Motion to Stay Briefing Schedule, and in support avers as follows:

1. On June 12, 2013, this Court granted, in part, Mr. Shannon's request for a certificate of appealability on an issue of trial counsel's ineffectiveness for failing to raise an objection to co-defendant's statement based on *Bruton v. United States*:

> Shannon's application for a certificate of appealability is granted in part and denied in

1

part. See 28 U.S.C. § 2253(c)(2). We grant his application with regard to the claim that trial counsel was ineffective for failing to object on the basis of, or to otherwise preserve, a Bruton v. United States, 391 U.S. 123 (1988), argument pertaining to the admission, at trial, of the redacted statement of a non-testifying co-defendant. Jurists of reason could debate the District Court's assessment of this constitutional claim. See Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). The certificate of appealability extends to both the substantive and the underlying procedural aspects of this claim and its disposition in the District Court. Shannon's application is otherwise denied. His motion for appointment of counsel is granted.

2.  On August 15, 2014, Mr. Shannon filed a Motion to Stay Briefing Schedule.  The basis of the motion was that on April 28, 2014, the United States Supreme Court had granted the Commonwealth's petition for writ of certiorari in *Washington v. Secretary Pennsylvania Dep't of Corrections,* vacated this Court's decision at 726 F.3d 471 (3d Cir. 2013), and remanded for further consideration in light of *White v. Woodall,* 572 U.S. ___, 134 S. Ct. 1697 (2014).  *Wetzel v. Washington,* ___ U.S. ___, 134 S. Ct. 1935 (2014).  *Washington* involved a review under 28 U.S.C. § 2254(d)(1) of the

Pennsylvania court's application of *Bruton*, where the statement of non-testifying co-defendant was redacted and the defendant's name was replaced with generic terms describing Washington and his role in the charged crimes.

3.   The instant case involves such redactions, and Mr. Shannon sought a stay of the briefing schedule pending a final decision in *Washington*.

4.   On September 17, 2014, this Court granted Mr. Shannon's Motion to Stay Proceedings Pending this Court's Decision in *Washington,* Appeal No. 12-2883.

5.   On September 1, 2015, this Court issued its decision in *Washington v. Secretary Pennsylvania Dep't of Corrections,* 801 F.3d 160 (3d Cir. 2015).  On September 23, 2015, the mandate issued.  *See Docket, Washington v. Secretary Pennsylvania Dep't of Corrections,* Appeal No. 12-2883.

6.   On December 16, 2015, this Court entered an order in this case, lifting the stay because the mandate had issued in *Washington,* and setting a

3

briefing schedule, requiring Mr. Shannon's brief and appendix to be filed and served within 30-days, or by January 15, 2016.

7. Before that, however, on November 13, 2015, the Secretary of the Pennsylvania Department of Corrections had filed a motion to extend the time to file a petition for writ of certiorari with the United States Supreme Court, No. 15A523, which motion was granted on November 17, 2015. http://www.supremecourt.gov/search.aspx?filename=/docketfiles/15a523.htm (last visited 12/21/15). The Secretary's petition for writ of certiorari is due December 30, 2015. *Id.*

8. A grant of the Secretary's petition for writ of certiorari by the United States Supreme Court in *Washington* would likely and ultimately impact the instant proceeding, and whether this Court's prior decisions regarding Pennsylvania's application of *Bruton*, including the decision in *Washington,* remain vital.

4

9. Accordingly, Mr. Shannon hereby moves to extend his briefing schedule pending disposition of the petition for writ of certiorari in *Washington*, for the foregoing reasons.

10. Mr. Shannon offers to notify this Court no more than 30-days after the disposition of the petition for writ of certiorari in *Washington.*

WHEREFORE, it is respectfully requested that the within Motion to Stay Briefing Schedule be granted until disposition of the petition for writ of certiorari in *Wetzel v. Washington,* No. 15A523.

                        Respectfully submitted,

                        ***/s/ Lynn A. Ellenberger***
                        Lynn A. Ellenberger
                        Assistant Federal Public Defender
                        Attorney for Appellant,
                        Emanon Shannon

**CERTIFICATE OF SERVICE**

I hereby certify that the following is a filing user and will be served electronically by the Notice of Docketing Activity:

> Jennifer W. Gettle
> Assistant District Attorney
> Dauphin County District Attorney's Office
> 101 Market Street
> Harrisburg, PA  17101
> jgettle@dauphinc.org

*/s/ Lynn A. Ellenberger*
Lynn A. Ellenberger
Assistant Federal Public Defender

Dated:  December 22, 2015