IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 12-4462

EMANON SHANNON,
Appellant

v.

JEFFREY DILLMAN, ET AL.,
Appellees

**MOTION TO STAY BRIEFING SCHEDULE AND HOLD APPEAL IN ABEYANCE PENDING STATE POST-CONVICTION PROCEEDING CONCERNING UNEXHAUSTED CLAIM OF NEWLY DISCOVERED EVIDENCE AND REMAND TO THE DISTRICT COURT**

1001 Liberty Avenue
Suite 1500
Pittsburgh, PA 15222
(412) 644-6565

LISA B. FREELAND
Federal Public Defender
Counsel of Record

LYNN A. ELLENBERGER
Ass't Federal Public Defender

Attorneys for Appellant,
Emanon Shannon

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | | |
|---|---|---|
| EMANON SHANNON, | ) | |
| Appellant | ) | |
| | ) | |
| v. | ) | No. 12-4462 |
| | ) | |
| JEFFREY DILLMAN, ET AL., | ) | |
| Appellees | ) | |

**MOTION TO STAY BRIEFING SCHEDULE AND HOLD APPEAL IN ABEYANCE PENDING STATE POST-CONVICTION PROCEEDING CONCERNING UNEXHAUSTED CLAIM OF NEWLY DISCOVERED EVIDENCE AND REMAND TO THE DISTRICT COURT**

AND NOW, comes the appellant, Emanon Shannon, by and through his attorneys, Federal Public Defender Lisa B. Freeland and Assistant Federal Public Defender Lynn A. Ellenberger, and files this Motion to Stay Briefing Schedule and Hold Appeal in Abeyance Pending State Post-Conviction Proceeding Concerning Unexhausted Claim of Newly Discovered Evidence and Remand to the District Court, and in support thereof avers as follows:

1

1.  On June 12, 2013, this Court granted, in part,
Mr. Shannon's request for a certificate of
appealability on an issue of trial counsel's
ineffectiveness for failing to raise an objection to
co-defendant's statement based on *Bruton v. United
States*:

> Shannon's application for a certificate of
> appealability is granted in part and denied in
> part. See 28 U.S.C. § 2253(c)(2). We grant his
> application with regard to the claim that trial
> counsel was ineffective for failing to object
> on the basis of, or to otherwise preserve, a
> Bruton v. United States, 391 U.S. 123 (1988),
> argument pertaining to the admission, at trial,
> of the redacted statement of a non-testifying
> co-defendant. Jurists of reason could debate
> the District Court's assessment of this
> constitutional claim. See Miller-El v.
> Cockrell, 537 U.S. 322, 327 (2003). The
> certificate of appealability extends to both
> the substantive and the underlying procedural
> aspects of this claim and its disposition in
> the District Court. Shannon's application is
> otherwise denied. His motion for appointment of
> counsel is granted.

2.  On August 15, 2014, Mr. Shannon filed a Motion
to Stay Briefing Schedule.  The basis of the motion was
that on April 28, 2014, the United States Supreme Court
had granted the Commonwealth's petition for writ of

certiorari in *Washington v. Secretary Pennsylvania Dep't of Corrections,* vacated this Court's decision at 726 F.3d 471 (3d Cir. 2013), and remanded to this Court for further consideration in light of *White v. Woodall,* 572 U.S. ___, 134 S. Ct. 1697 (2014). *Wetzel v. Washington,* ___ U.S. ___, 134 S. Ct. 1935 (2014). *Washington* involved a review under 28 U.S.C. § 2254(d)(1) of the Pennsylvania court's application of *Bruton*, where the statement of non-testifying co-defendant was redacted and the defendant's name was replaced with generic terms describing Washington and his role in the charged crimes. The instant case involves such redactions, and Mr. Shannon sought a stay of the appeal pending a final decision in *Washington*.

3.   On September 17, 2014, this Court granted Mr. Shannon's Motion to Stay Proceedings Pending this Court's Decision in *Washington,* Appeal No. 12-2883.

4.   On September 1, 2015, this Court issued its decision in *Washington v. Secretary Pennsylvania Dep't of Corrections,* 801 F.3d 160 (3d Cir. 2015).

3

5.   After the Secretary in *Washington* filed a
petition for writ of certiorari in the United States
Supreme Court, *Washington v. Secretary, Pennsylvania
Dept. of Corrections,* Supreme Court Case No. 15-853,
Mr. Shannon again moved to stay the instant appeal
pending disposition of the petition.

6.   This court granted the motion on January 19,
2016, directing that "[t]he parties must immediately
advise the Court, in writing, when a decision has been
reached with respect to the petition for writ of
certiorari by the Supreme Court."

7.   On April 25, 2016, the United States Supreme
Court denied the petition for writ of certiorari in
*Washington*.

http://www.supremecourt.gov/search.aspx?filename=/docke
tfiles/15-853.htm (last visited 5/4/16).

8.   On May 4, 2016, the parties jointly submitted a
letter to the Clerk of Court advising this Court of
same.

9.   In that letter, the parties also advised that on February 8, 2016, Mr. Shannon had filed in the Court of Common Pleas of Dauphin County a petition pursuant to the Post-Conviction Relief Act.  Mr. Shannon alleged that his trial and conviction suffered from a structural error based on recently discovered evidence that three of his appointed counsel, the prosecuting District Attorney's office and numerous other individuals involved in the Dauphin County criminal justice system have been identified as receiving racist or otherwise inappropriate emails in the scandal centered around former Pennsylvania Supreme Court Justice J. Michael Eakin.  *Commonwealth v. Shannon*, Court of Common Pleas No. CP-22-0002305-2005, Docket, found at

https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-22-CR-0002306-2005 (last visited 5/4/06).  Mr. Shannon's Petition and attachments are attached hereto as Exhibit A.

10.  It was not until late 2015, when it became known that Justice Eakin was involved in sending bigoted emails to prosecutors and others when the Office of Attorney General of Pennsylvania (OAG) released voluminous emails with attachments found on the OAG server.

11.  The Judicial Conduct Board filed a complaint against Justice Eakin on December 8, 2015.  The complaint alleged that emails sent by Justice Eakin to various individuals "contained subject matter that involved nudity, gender stereotypes, and ethnic stereotypes." Judicial Conduct Board Complaint, ¶ 78, found at http://www.pacourts.us/courts/court-of-judicial-discipline/court-cases/supreme-court-justice-j-michael-eakin-13-jc-15 (last visited 5/4/16). The Complaint also alleged that emails he received from his golfing group "contained pictures of nude women; sexually suggestive themes; gender stereo types; homophobic content; socioeconomic stereotypes; violence

towards women; racial humor; ethnically-based humor; and stereotypes of religious groups." *Id.,* ¶ 80.

12. The Court of Judicial Discipline suspended Justice Eakin from his judicial and administrative duties on December 22, 2015. Mr. Shannon filed his successor shortly after these facts came to light.

13. When he filed his successor, Mr. Shannon knew that various individuals in Dauphin County had received some of the sexually suggestive and otherwise inappropriate emails that were the subject of the Judicial Conduct Board Complaint, and he suspected that those same individuals may also have been privy to emails reflecting bias against African-American persons and person involved in the criminal justice system. Petition, ¶¶ 2-3 & p.19.

14. Since he filed the Petition, Mr. Shannon has confirmed this. He has obtained one racially offensive email that contains images and accompanying commentary which makes fun of African-American individuals, communities and sensibilities, and generally contains

racially insensitive stereotypes. This email, entitled
"Prom Night at Camden High School!!," was sent on
May 19, 2010.  As of May 19, 2010, testimony had been
received by the court of common pleas in Mr. Shannon's
PCRA proceedings but no decision had been rendered on
his claims.

15.  The email was sent by Harrisburg area criminal
defense attorney Terry McGowan, who was specifically
named in the Judicial Conduct Board proceedings, to 123
individuals, many of whom are employed by the Dauphin
County criminal justice system. The recipient list for
this email included a Dauphin County Court of Common
Pleas judge, a district justice in Dauphin County, the
Dauphin County District Attorney, Dauphin County
Assistant District Attorneys, the Dauphin County Public
Defender, former and current Dauphin County Public
Defenders, attorneys appointed through the Dauphin
County Public Defender's Office to represent indigent
defendants in criminal cases, and three of Mr.

Shannon's attorneys, including the attorney who was representing him at the time the email was sent.

16. Based on the above, Mr. Shannon has filed a Motion for the Dauphin County Bench to Recuse Itself and to Disqualify the Dauphin County District Attorney's Office. *See* Docket, *Commonwealth v. Shannon.* This motion remains pending and the motion, as well as the meritorious claims contained in the Petition, will be litigated fully in state court.

17. Mr. Shannon filed his successor within 60 days of his learning the facts that would have indicated his state court proceedings had been infected with pervasive bias and racism. His filing complied with the PCRA filing deadlines set forth in 42 Pa. C.S. § 9545(b).

18. Staying the briefing schedule in this Court and holding the appeal in abeyance pending state court post-conviction proceedings is necessary to allow Mr. Shannon to fully and fairly develop his newly-discovered evidence claim and to exhaust it in state

court for presentation in federal court, which will further the interests of comity and judicial economy. The state court proceedings could obviate the need for further proceedings in federal court. *See Landis v. North American Co.,* 299 U.S. 248, 254 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").

19. Other courts have granted stays and held habeas proceedings in abeyance pending exhaustion of claims based on the recent Pennsylvania Supreme Court email scandal. *Marinelli v. Beard,* No. 4:07-cv-00173 (M.D. Pa.), ECF 95; *Fears v. Beard,* No. 2:05-cv-01421 (W.D. Pa.), ECF 64.

20. Pursuant to 28 U.S.C. § 2244(d)(1)(D), Mr. Shannon must present in federal court the newly-discovered evidence within one year of "the date on which the factual predicate of the claim or claims

presented could have been discovered through the exercise of due diligence."

21. Mr. Shannon also requests remand to the district court so he may file a protective amendment to his habeas corpus petition at 1:11-cv-1015 (M.D. Pa.) to include this newly discovered evidence to comply with the statute of limitations.

22. Mr. Shannon has conferred with counsel for respondents, Assistant District Attorney Joseph P. Cardinale, Jr., and respondents agree that this appeal should be stayed pending the exhaustion of his claims in state court.  However, respondents do not agree that the matter should be remanded to the district court.

WHEREFORE, it is respectfully requested that the within Motion to Stay Briefing Schedule and Hold Appeal in Abeyance Pending State Post-Conviction Proceeding

Concerning Unexhausted Claim of Newly Discovered

Evidence and Remand to the District Court be granted.

Respectfully submitted,


**_/s/ Lynn A. Ellenberger_**
Lynn A. Ellenberger
Assistant Federal Public Defender
Attorney for Appellant,
Emanon Shannon

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following is a filing user and will be served electronically by the Notice of Docketing Activity:

Joseph P. Cardinale, Jr.
Assistant District Attorney
Dauphin County District Attorney's Office
101 Market Street
Harrisburg, PA  17101
jcardinale@dauphinc.org

***<u>/s/ Lynn A. Ellenberger</u>***
Lynn A. Ellenberger
Assistant Federal Public Defender

Dated:  May 13, 2016